DAVID GINSBURG, REBECCA HAISFIELD, TILLIE MOORE and SARAH SINGER, complainants-respondents,

*v.*

HERBERT WHITE, defendant-appellant.

[Submitted October term, 1946. Decided January 17th, 1947.]

*Mr. Elias A. Kanter* and *Mr. David T. Wilentz,* for the complainants-respondents.

*Mr. Harold Simandl,* for the defendant-appellant.

The opinion of the court was delivered by

CASE, CHIEF-JUSTICE.

The appeal is from a decree in Chancery which directs specific performance of an agreement claimed by the com-

plainants to have been made between Herbert White doing business as White's Express & Transfer Co. and Irving Eagle. The complainants, respondents here, are the assignees of Eagle. The instrument provided that White would sell to Eagle, or his designee, the portion of a "Certificate of Public Convenience and Necessity" issued to White by the Interstate Commerce Commission which follows:

"General Commodities, except those of unusual value, and except dangerous explosives, livestock, household goods as defined in Practices of Motor Common Carriers of Household Goods, 17 M. C. C. 467, commodities in bulk, and those requiring special equipment, over irregular routes.

"Between points and places in Bergen, Essex, Hudson, Middlesex, Morris, Passaic, Somerset, and Union Counties, N. J. and points and places in the New York, N. Y.; Commercial Zone, as defined by the Commission in 1 M. C. C. 665, on the one hand, and on the other, points and places in Philadelphia, Pa., and points and places in that part of Delaware County, Pa., on and east of U. S. Highway 202."

The named consideration was $4,000, of which amount $500 was to be paid forthwith and $3,500 "upon approval by the Interstate Commerce Commission of the transfer of the indicated portion of the certificate;" and if the Interstate Commerce Commission should not approve the transfer, the payment was to be refunded. That is the totality of the instrument. It is silent as to what, if anything, was to be done by way of giving practical effect to the words of sale. The defendant's version is that there never was a meeting of the minds, that there was not a delivery and, consequently, that there was no contract; that other and perfected papers were to be, but actually were never, prepared by Eagle and submitted for execution. We accept the instrument as being what it purports to be, namely, a contract; but we accept it as the parties made it. It is not for the court to make a contract for the parties better, or other, than they made for themselves. *Acquackanonk Building and Loan Association* v. *Parsonnet, 107 N. J. Eq. 48.*

The decree directs procedure which the parties did not contract to follow and which is itself indefinite and in part confused. It orders the defendant to "execute such applica-

tions, statements, and other instruments—prepared by the complainants—for filing with the Interstate Commerce Commission an order which are appropriate in order to procure from the Interstate Commerce Commission an order approving the aforesaid transfer," to furnish "all the information and data that may be required by the Interstate Commerce Commission to enable it to give due and prompt consideration of the application for transfer to be filed with it relating to the transfer which the aforesaid Herbert White is hereinabove directed to make," to "join with the complainants in the due execution of such documents—prepared by the complainants—which are required to be presented to, or filed with, the Interstate Commerce Commission where the proposed transfer is the voluntary act of the transferor and desired by the transferor," and to "abstain from doing any act, and abstain from the procurement of any act, which may obstruct, hinder, or delay the complainants from proceeding before the Interstate Commerce Commission to procure the approval of the aforesaid transfer; and abstain from doing any act, and abstain from the procurement of any act, which may have the effect of non-approval by the Interstate Commerce Commission of the aforesaid transfer." None of the obligations there laid upon White are contained in the contract. All are the court's conception of what should be done in order to effectuate the sale. They constitute provisions which possibly the parties, had they acted with less speed and more understanding, would have stipulated but which they did not in fact stipulate.

Neither the contract nor the decree has that certainty of action which is apt to a proceeding for specific performance.

The papers which are directed by the decree to be signed are not in existence and their proposed contents are not particularized. The information ordered to be given is not specified. The decree, including its paragraph of restraint, lacks certainty and is more sweeping in its terms than the meagre contents of the contract justify.

A contract which is incomplete, uncertain or indefinite in its material terms will not be specifically enforced in equity.

*Goerke Kirch Co.* v. *Goerke Kirch Holding Co., 118 N. J. Eq. 1, 7.*

Complainants appear to have an adequate remedy in the law courts for damages if there was in fact a contract and there has been a breach thereof. *Fiedler, Inc.,* v. *Coast Finance Co., Inc., 129 N. J. Eq. 161, 165.*

The decree below will be reversed, and the record remanded to the Court of Chancery to the end that the bill be dismissed without prejudice to an action at law.

*For affirmance*—None.

